UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| ™STEVEN MACARTHUR-BROOKS© ESTATE, ™STEVEN MACARTHUR-BROOKS© IRR TRUST,<br><br>*Plaintiffs*,<br><br>v.<br><br>ALEJANDRO MORENO, SHANNON PETERSON, TERESA H. CAMPBELL, SHIRLEY JACKSON, SHERYL FLAUGHER, NATHAN SCHMIDT, CAROLYN KISSICK, RYAN LITTLE, SCOTT CARROLL, RUBIE DONAGHY, SHEPPARD MULLIN RICHTER & HAMPTON LLP, SAN DIEGO COUNTY CREDIT UNION, SOUTH FLORIDA AUTO RECOVERY, DOES 1-100 INCLUSIVE,<br><br>*Defendants*. | CASE NO: _____ |

**NOTICE OF REMOVAL BY DEFENDANTS, ALEJANDRO MORENO, SHANNON PETERSEN, TERESA H. CAMPBELL, SHIRLEY JACKSON, SHERYL FLAUGHER, NATHAN SCHMIDT, CAROLYN KISSICK, RYAN LITTLE, SCOTT CARROLL, RUBIE DONAGHY, SHEPPARD MULLIN RICHTER & HAMPTON LLP, AND SAN DIEGO COUNTY CREDIT UNION**

Defendants, Alejandro Moreno, Esq., Shannon Petersen, Esq.[1], Teresa H. Campbell, Shirley Jackson, Sheryl Flaughter, Nathan Schmidt, Carolyn Kissick, Ryan Little, Scott Carroll, Rubie Donaghy, Sheppard Mullin Richter & Hampton LLP ("Sheppard Mullin"), and San Diego County Credit Union ("SDCCU") (collectively, the "SDCCU Defendants") hereby remove the matter of *Steven MacArthur-Brooks et al. v. Alejandro Moreno et al.*, a lawsuit pending in the

---

[1] Plaintiffs erroneously named Shannon Petersen, Esq., as Shannon Peterson. This has been left in error in the case caption but corrected elsewhere.

Eleventh Judicial Circuit of Florida, Miami-Dade County, Case Number 2024-020644-CA-01, to the United States District Court, Southern District of Florida, Miami Division.

Removal is based on federal question jurisdiction under 28 U.S.C. § 1331, in that this action is a civil action for which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and is one which may be removed pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1443. Further, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because Defendants have satisfied the procedural requirements for removal. As grounds in support of this removal, Defendants state as follows:

**I.      BACKGROUND AND PROCEDURAL HISTORY**

1. On October 28, 2024, Plaintiffs, Steven MacArthur-Brooks Estate and Steven MacArthur-Brooks IRR Trust, filed a State Court Complaint against Defendants, Sheppard Mullin (law firm for SDCCU) and Alejandro Moreno, Esq., and Shannon Petersen, Esq. (both attorneys for SDCCU); employees of SDCCU including Teresa H. Campbell, Shirley Jackson, Sheryl Flaughter, Nathan Schmidt, Carolyn Kissick, Ryan Little, Scott Carroll, Rubie Donaghy; SDCCU; and South Florida Auto Recovery. The State Court Complaint is attached hereto as part of **Composite Exhibit A,** which contains copies of a recent online docket listing all State Court filings, as well as all process, pleadings, and orders served upon Defendants or filed in the State Court Action. *See* 28 U.S.C. § 1446(a).

2. Plaintiffs' claims arise from the repossession of Steven MacArthur-Brooks' vehicle, a 2018 GMC Sierra 1500, financed by SDCCU. For this repossession, Plaintiffs seek judgment in the amount of **$2.975 billion**. Compl. ¶¶ 17, 19, 93, 107, 109, 118. Plaintiffs allege the following 16 causes of action as to all Defendants: (1) fraud in violation of 18 U.S.C. § 1341, (2) breach of contract, (3) embezzlement in violation of 18 U.S.C. § 656, (4) identity theft in violation of 18 U.S.C. §§ 1025 and 1028A, (5) monopolization of trade and commerce in violation

of 15 U.S.C. § 2, (6) deprivation of rights in violation of 42 U.S.C. § 1983 and 18 U.S.C. § 241, (7) receiving extortion proceeds in violation of 18 U.S.C. § 880, (8) false pretenses in violation of 18 U.S.C. §§ 1025 and 1341, (9) extortion in violation of 18 U.S.C. § 878, (10) racketeering under 18 U.S.C. § 1961 et seq., (11) bank fraud in violation of 18 U.S.C. § 1344, (12) transportation of stolen goods, securities, and moneys in violation of 18 U.S.C. § 2314, (13) slander of title, (14) replevin action, (15) declaratory judgment and relief, and (16) summary judgment. *See, e.g.*, Compl. ¶¶ 10, 47, 51, 53, 56-57, 61-62, 66, 69-70, 72-73, 79-80, 83, 86-88, 90, 93, 95-99, 101-107, 109.

3.  On October 28, 2024, Plaintiffs served the SDCCU Defendants with the Complaint via email and, the same day, counsel for the SDCCU Defendants accepted service by email.

4.  The remaining defendant, South Florida Auto Recovery, has not been served with process to the knowledge of the SDCCU Defendants. The online docket attached hereto as part of Composite Exhibit A does not reflect service on South Florida Auto Recovery. Hence its consent is not needed at this time for removal purposes.

4.  Other than the Complaint, as seen in the online docket attached as part of Composite Exhibit A, Plaintiffs have not served any other process, pleadings, or orders from the state court action on the SDCCU Defendants.

II.  **THE COURT HAS FEDERAL QUESTION JURISDICTION**

5.  Federal courts have original federal question jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

6.  This action is a civil action for which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 in that Plaintiffs' claims arise under the laws of the United States.

7.  Specifically, Plaintiff has alleged 11 causes of action premised on a violation of federal law. These include: (1) fraud in violation of 18 U.S.C. § 1341; (2) embezzlement in

violation of 18 U.S.C. § 656; (3) identity theft in violation of 18 U.S.C. §§ 1025 and 1028A; (4) monopolization of trade and commerce in violation of 15 U.S.C. § 2; (5) deprivation of rights in violation of 42 U.S.C. § 1983 and 18 U.S.C. § 241; (6) receiving extortion proceeds in violation of 18 U.S.C. § 880; (7) false pretenses in violation of 18 U.S.C. §§ 1025 and 1341; (8) extortion in violation of 18 U.S.C. § 878; (9) racketeering under 18 U.S.C. § 1961 et seq.; (10) bank fraud in violation of 18 U.S.C. § 1344; and (11) transportation of stolen goods, securities, and moneys in violation of 18 U.S.C. § 2314.

8. Under 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiffs' remaining five causes of action for breach of contract, slander of title, replevin action, declaratory judgment and relief, and summary judgment.

### III. OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 89 and 1391. The action was originally brought in the Eleventh Judicial Circuit of Florida, Miami-Dade County, and removed to the United States District Court, Southern District of Florida, Miami Division.

10. Defendants timely filed this Notice of Removal within 30 days after the service of the Complaint on October 28, 2024, as required under 28 U.S.C. § 1446(b).

11. Defendants have sufficient consent to remove in that all served Defendants have joined this Notice of Removal through counsel and the sole remaining Defendant, South Florida Auto Recovery, does not appear to have been served.

### IV. NOTICE TO STATE COURT AND PLAINTIFF

12. In accordance with 28 U.S.C. § 1446(d), Notice of Removal will be promptly served on Plaintiffs and filed with the Clerk of the Eleventh Judicial Circuit of Florida, Miami-Dade County.

## V. NON-WAIVER OF DEFENSES

13. By removing this action from the Eleventh Judicial Circuit of Florida, Miami-Dade County, Defendants do not waive any defenses available to it. In particular, unless Plaintiffs stipulate to arbitration, Defendants plan to file a motion to compel arbitration of this dispute. By removing this action to federal court, Defendants do not waive their right to arbitration.

14. By removing this action from the Eleventh Judicial Circuit of Florida, Miami-Dade County, Defendants do not waive any claims based on lack of personal jurisdiction and do not admit any of the allegations in Plaintiff's Complaint.

By this notice, Defendants remove this action from the Eleventh Judicial Circuit of Florida, Miami-Dade County, to the United States District Court, Southern District of Florida.

Respectfully submitted,

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, Florida 33130
(305) 379-0400

By: */s/ Michael D. Starks*
ANDREW KEMP-GERSTEL
Florida Bar No. 0044332
MICHAEL D. STARKS
Florida Bar No. 0086584
*Attorneys for Defendants, Alejandro Moreno, Esq., Shannon Peterson, Esq., Teresa H. Campbell, Shirley Jackson, Sheryl Flaugher, Nathan Schmidt, Carolyn Kissick, Ryan Little, Scott Carroll, Rubie Donaghy, Sheppard Mullin Richter & Hampton LLP, and San Diego County Credit Union*

-6-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **1st** day of **November, 2024**, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF, as well as on Plaintiffs by email.

           */s/ Michael D. Starks*
           MICHAEL D. STARKS